IN THE UNITED STATES DISTR ICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XI EL BEY GRACE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVL ACTION NO. 19-CV-4943 |
| JUDGE IDEE C. FOX, et al.,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**GOLDBERG, J.**                                                                          January 2, 2020

      Plaintiff Xi El Bey Grace, brings this *pro se* civil action, pursuant to 42 U.S.C. § 1983, against four individuals identified as Pennsylvania State court judges, the Court of Common Pleas of Philadelphia County, the "Tax Revenue Bureau," and Chairwoman Nancy Kammerdeiner.[1] She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Grace leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice.

**I.  FACTS**

      Grace alleges that she visited RCS Title A Agency in 2007 with the prior owner of her real property. (ECF No. 2 at 3.)[2] She was told by an agent of RCS that there were no delinquencies or encumbrances against the property and that she did not require title insurance. (*Id.*) The title agent prepared a deed reflecting Grace's ownership of the property and Grace filed the deed in the Philadelphia Department of Records and Deeds. (*Id.*) Approximately three months later, Grace began receiving delinquency notices for unpaid taxes and water bills. (*Id.*) When she asked about the bills, she was told that delinquencies stay with the property. (*Id.*) According to the Complaint,

---

[1] Ms. Kammerdeiner is the Chair of the Philadelphia Tax Review Board. *See* https://www.phila.gov/departments/tax-review-board/. (last visited November 4, 2019).

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

Grace was deceived by the prior owner and believed that there were no outstanding debts associated with the property when she purchased it. (*Id.* at 4.)

In an exhibit filed after her Complaint, Grace includes pre-2007 tax assessment documents reflecting delinquencies and efforts by the City to recover the delinquencies from Clarence Mason. (ECF No. 5 at 1-20, 23-27.) She also includes her own recent real estate tax billing information, showing delinquencies in 2016, 2017 and 2018, (*id.* at 21), and in 2011 (*id.* at 22.) Grace does not provide sufficient information to establish when these delinquencies accrued.

On an unidentified date, the City commenced foreclosure proceedings for unpaid tax and water bills.[3] (ECF No. 2 at 4.) According to the Complaint, Judge Idee Fox ruled against Grace—presumably in the foreclosure action—in June 2011, Judge Paula Patrick ruled against Grace in December 2018, Judge Robert Simpson ruled against Grace in January 2019, and Judge Patricia Johnson[4] ruled against Grace on September 23, 2019. (*Id.*) Grace refers to the "Chairwoman at the Tax Revenue Board" in this section of her Complaint, but does not identify any action undertaken by that individual. (*See id.*)

---

[3] Pennsylvania Supreme Court docket entries reflect that Grace pursued litigation in her tax assessment case to the state Supreme Court. Her petition for allowance of appeal from the dismissal of proceedings in Commonwealth Court was denied on August 12, 2019, and her motion for reconsideration of that denial was denied on September 23, 2019. *See* https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=98+EAL+2019&dnh=%2bOF56%2bjA1bUn%2br4hoaTv3Q%3d%3d (last visited November 4, 2019).

[4] Defendant Johnson is not a Pennsylvania Supreme Court justice. *See* http://www.pacourts.us/courts/supreme-court/supreme-court-justices (last visited November 5, 2019). On § 1915 screening, this Court need not "accept as true anything in the complaint which contradicts facts of which the court may take judicial notice." *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Grace alleges that the City is at fault for recording her deed if the title was not free and clear, that the prior owner settled his debts with the City before Grace purchased the property, and that she has given the City accord and satisfaction and the City has cashed the check. (*Id.*) Nonetheless, she alleges that the City is threatening to sell her property at sheriff's sale. (*Id.*)

As a result of the foregoing, Grace alleges that she has suffered mental and psychological distress and experiences fear that the City will take her home. This prevents her from sleeping and has caused weight gain. She has consulted a psychiatrist for her symptoms. (*Id.* at 5.) As relief, she requests:

> [F]or this court to discharge and close this matter with the supposedly debt, clear any and all liens and judgments from this property, and grant me the maximum compensation the law will grant me, I have experienced this unnecessary matter for over the past 13 to 14 years, on a void matter to begin with fraud.

(*Id.*)

Grace contends that the conduct described provides a basis for federal question jurisdiction because "the judges had a fiduciary obligation in this case, but failed Xi El Bey, Grace by not upholding their oath to the constitution in protecting Xi El Bey, Grace life, liberty and property." (*Id.* at 3.) Elsewhere, she labels her claim as one arising under 42 U.S.C. §§ 1983 and 1986 for theft by deception, identity fraud, mail fraud and coercion. (*Id.* at 1.)

## II. STANDARD OF REVIEW

I will grant Grace leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires me to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Grace is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Read liberally, Grace's Complaint alleges that she was deceived or confused about whether liens for delinquent tax or water assessments existed at the time she purchased her property. She unsuccessfully challenged the City's efforts to collect delinquencies in tax assessment proceedings and now allegedly faces a sheriff's sale of her property. She asks that this Court "discharge and

4

close this matter with the supposedly debt, clear any and all liens and judgments from this property," (ECF No. 2 at 5.) The stated basis for her constitutional claim is that the judicial defendants violated a constitutional oath to protect her life, liberty and property. (ECF No. 2 at 3.) Grace has not sufficiently identified a right protected by the Constitution to survive §1915 screening of her § 1983 claim, therefore, her federal claim must be dismissed. Additionally, with the exception of Defendants Johnson and Kammerdeiner, the named defendants are not amenable to suit, and the claims against them must be dismissed for the reasons that follow.

### A. Claims Against Judges

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, Grace bases her claims against Judges Fox, Patrick, and Simpson on their alleged rulings in her tax assessment case. (*See* ECF No. 2 at 4.) Therefore, all claims against these judges must be dismissed with prejudice.[5]

---

[5] As noted, Defendant Johnson is misidentified as a judge of the Pennsylvania Supreme Court and, therefore, is not entitled to judicial immunity. Johnson did not, as alleged, rule against Grace in the underlying tax assessment proceedings. (See ECF No. 2 at 4.) She is not alleged to have taken any other action in furtherance of the conduct giving rise to Grace's claims, and, therefore, the claims against her must be dismissed. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.

### B. Claims Against the Court of Common Pleas

Grace also asserts claims against the Court of Common Pleas of Philadelphia County. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Philadelphia Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Grace's claims against the Philadelphia Court of Common Pleas are barred by the Eleventh Amendment and must be dismissed with prejudice.[6]

### C. Claims Against the Tax Revenue Bureau

City agencies like the Tax Revenue Bureau are not suable entities under § 1983 because they do not have a separate legal existence. *See Vurimindi v. City of Philadelphia*, Civ. A. No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 P.S. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Vangjeli v. City of Phila*, Civ. A. No. 15-1566, 2015 WL 5793926, at *3 (E.D. Pa. Sept. 30, 2015), *aff'd sub nom. Vangjeli v. City of Philadelphia*, 655 F. App'x 132 (3d Cir. 2016) (holding that the Free Library is not an entity subject to suit since no department or agency of the City of Philadelphia

---

1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.) Grace will be granted leave to amend her claims against Johnson.

[6] To the extent Abdus-Saber's Complaint could be understood to assert a due process claim pursuant to 42 U.S.C. § 1983 based on the state court's August 2 order declining to postpone the Sheriff's sale, the Eleventh Amendment precludes that claim as well. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision).

has a separate corporate existence); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). All claims against the Philadelphia Tax Revenue Bureau must be dismissed with prejudice.

### D. Claims Against Defendant Kammerdeiner

The Complaint does not include any allegations as to conduct engaged in by Defendant Kammerdeiner. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Because Grace has not alleged facts establishing Kammerdeiner's personal involvement in the alleged wrongs, her claim cannot survive screening and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Grace will be granted leave to amend her claims against Kammerdeiner.

### E. Claims Barred by the *Rooker-Feldman* Doctrine

Even if Grace had identified a constitutional right of which she was deprived in the course of the tax assessment proceedings, this Court is barred from reviewing those proceedings and providing relief. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). *See also Malhan v. Secy. U.S. Dep't. of State*, 938

7

F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (Rooker-Feldman is confined "to cases of the kind from which it acquired its name: [1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commence and [4] inviting district court review and rejection of those judgments."))

All of these elements are present here: Grace lost in state court, she attributes the injuries she describes to the state court proceedings and judgments, the final judgment of the State Supreme Court was rendered before Grace instituted this action, and Grace is asking this Court to review and reverse the state court judgment. Her purported claim falls squarely within *Rooker-Feldman* and I am without jurisdiction to entertain it.

### F. State Law Claims

To the extent Grace purports to allege state law claims for theft by deception, fraud or conversion, (ECF No. 2 at 1), I lack subject matter jurisdiction over those claims. Because I have dismissed her federal law claims, I will not exercise supplemental jurisdiction over any state law claims.

The only possible independent basis for my jurisdiction over state law claims is diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where the parties are diverse in citizenship. "Complete diversity," as required by § 1332, requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As alleged, however, it appears that all of the parties are citizens or agencies of Pennsylvania. (ECF No. 2 at 2.) Accordingly, I

may not exercise jurisdiction over any state law claim Grace may seek to assert. Any such claims will be dismissed without prejudice to her assertion of those claims in a different forum.

## IV. CONCLUSION

For the foregoing reasons, I will grant Grace leave to proceed *in forma pauperis*, dismiss with prejudice her claims against defendants Fox, Patrick, Simpson, the Philadelphia County Court of Common Pleas, and the Philadelphia Tax Revenue Bureau, and dismiss without prejudice her claims against Johnson and Kammerdeiner, and any state law claims she seeks to assert. An appropriate Order follows.