# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XI EL BEY GRACE,<br>    Plaintiff,<br><br>v.<br><br>JUDGE IDEE C. FOX, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  CIVL ACTION NO. 19-CV-4943<br>:<br>:<br>: |

**Goldberg, J.**                                                                                              **May 27, 2020**

## MEMORANDUM

Currently before me is an Amended Complaint filed by Plaintiff Xi El Bey Grace, which raises claims pursuant to 42 U.S.C. § 1983 based on unsuccessful state court litigation.[1] For the reasons set forth herein, I will dismiss Grace's claims with prejudice.

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In her original Complaint, Grace sought to pursue claims against four Pennsylvania State court judges, the Court of Common Pleas of Philadelphia County, the "Tax Revenue Bureau," and Chairwoman Nancy Kammerdeiner.[2] According to the original Complaint, Grace visited RCS Title A Agency in 2007 with the prior owner of her real property. She was told by an agent of RCS that there were no delinquencies or encumbrances against the property and that she did not require title insurance. The title agent prepared a deed reflecting Grace's ownership of the property and Grace filed the deed in the Philadelphia Department of Records and Deeds. Approximately three months later, Grace began receiving delinquency notices for unpaid taxes and water bills.

---

[1] Grace styled her pleading "Notice of Claim with Theft by Deception Identify Fraud, Mail Fraud and Coercion Title 42 U.S.C. 1983 AND 1986," but it is effectively an Amended Complaint.

[2] Ms. Kammerdeiner is the Chair of the Philadelphia Tax Review Board. *See* https://www.phila.gov/departments/tax-review-board/. (last visited November 4, 2019).

When she asked about the bills, she was told that delinquencies stay with the property. According to the Complaint, Grace was deceived by the prior owner, and believed that there were no outstanding debts associated with the property when she purchased it. (ECF No. 2 at 3–4.)[3]

Notably, in an exhibit filed after her Complaint, Grace included pre-2007 tax assessment documents reflecting delinquencies and efforts by the City to recover the delinquencies from Clarence Mason. She also included her own recent real estate tax billing information, showing delinquencies in 2016, 2017 and 2018, and in 2011. Grace did not provide sufficient information to establish when these delinquencies accrued. (ECF No. 5 at 1–27.)

On an unidentified date, the City commenced foreclosure proceedings for unpaid tax and water bills.[4] According to the Complaint, Defendant Judge Idee Fox ruled against Grace, presumably in the foreclosure action, in June 2011, Defendant Judge Paula Patrick ruled against Grace in December 2018, Defendant Judge Robert Simpson ruled against Grace in January 2019, and Defendant Judge Patricia Johnson[5] ruled against Grace on September 23, 2019. Grace referred

---

[3] I adopt the pagination assigned by the CM/ECF docketing system.

[4] Pennsylvania Supreme Court docket entries reflect that Grace pursued litigation in her tax assessment case to the state Supreme Court. Her petition for allowance of appeal from the dismissal of proceedings in Commonwealth Court was denied on August 12, 2019, and her motion for reconsideration of that denial was denied on September 23, 2019. *See* https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=98+EAL+2019&dnh=%2bOF56%2bjA1bUn%2br4hoaTv3Q%3d%3d (last visited November 4, 2019).

[5] Notwithstanding Grace's identification of her as such, Defendant Johnson is not a Pennsylvania Supreme Court justice. *See* http://www.pacourts.us/courts/supreme-court/supreme-court-justices (last visited November 5, 2019). On § 1915 screening, this Court need not "accept as true anything in the complaint which contradicts facts of which the court may take judicial notice." *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

to the "Chairwoman at the Tax Revenue Board" in this section of her Complaint but did not identify any action undertaken by that individual. (ECF No. 2 at 4.)

Grace claimed that the City was at fault for recording her deed if the title was not free and clear, that the prior owner settled his debts with the City before Grace purchased the property, and that she had given the City accord and satisfaction and the City had cashed the check. Nonetheless, she alleged that the City was threatening to sell her property at sheriff's sale. As a result of the conduct alleged, Grace claimed that she had suffered mental and psychological distress, and experienced fear that the City would take her home. This prevented her from sleeping and caused weight gain. She consulted a psychiatrist for her symptoms. As relief, she requested:

> I am looking for this court to discharge and close this matter with the supposedly debt, clear any and all liens and judgments from this property, and grant me the maximum compensation the law will grant me, I have experienced this unnecessary matter for over the past 13 to 14 years, on a void matter to begin with fraud.

(*Id.* at 4–5.*)*

Grace contended that the conduct described provided a basis for federal question jurisdiction because "the judges had a fiduciary obligation in this case, but failed Xi El Bey, Grace by not upholding their oath to the constitution in protecting Xi El Bey, Grace life, liberty and property." Elsewhere, she labelled her claim as one arising under 42 U.S.C. §§ 1983 and 1986 for theft by deception, identity fraud, mail fraud and coercion. (*Id.* at 1,3.)

After granting Grace leave to proceed *in forma pauperis*, I screened the Complaint pursuant to 28 U.S.C. 1915(e)(2)(B). Relevantly, I concluded that Grace had not sufficiently identified a right protected by the Constitution to survive § 1915 screening, warranting dismissal of her federal claims. Additionally, I determined that, with the exception of Defendants Johnson and Kammerdeiner, the named Defendants were not amenable to suit, requiring dismissal of all claims against them. However, I granted Grace leave to file an amended complaint. (ECF No. 7, at 5, 8.)

3

Grace filed an Amended Complaint, again naming as Defendants Judges Fox, Patrick, Simpson, and (again incorrectly designated) Johnson, the City of Philadelphia, the Tax Revenue Bureau, and Chairwoman Kammerdeiner. Additionally, she includes in the caption of her Amended Complaint as Defendants James Vandermark, James Zwolak, and Jennifer MacNaughton, all identified as City Solicitors. She again advances claims under §§1983 and 1986, drops her state law fraud and conversion claims, and adds state law claims for identity theft, mail fraud and coercion. These claims, like those in her original Complaint, are based on the events and circumstances surrounding the purchase of her real property and subsequent unsuccessful litigation challenging the City's efforts to collect delinquent taxes. Grace adds little in the way of new facts. She does note that she disagrees with my determination that the Defendant Judges are immune from suit, and she identifies herself as Moorish, but merely reiterates facts already provided as the basis for her claim. She similarly reiterates that the events described have resulted in lost sleep and weight gain and required her to consult a psychiatrist. She adds that she has been forced to make unidentified payments to avoid loss of her property. (ECF No. 9 at 1–6.)

Grace also attaches to her Amended Complaint more than 130 pages of documents seemingly intended to illustrate her adherence to Moorish beliefs and the foundation of those beliefs.[6] Some of the documents appear to be related to the tax delinquencies giving rise to the claims, including a payment receipt, a form petition for appeal apparently completed by Grace, and an e-mail addressing a pending sheriff's sale of the property at issue. None of the documents further substantiates Grace's claims. (*Id.* at 7-136.)

---

[6] Any claims based on these theories or beliefs are frivolous. *See, e.g., Sabarin-El v. Soc'y for Indus. Applied Mathematics*, Civ. A. No. 14-3961, 2014 WL 3346467, at *2 (E.D. Pa. July 8, 2014); *Bey v. Hillside Twp. Municipal Ct.*, Civ. A. Nos. 11-7343 & 11-7351, 2012 WL 714575 (D.N.J. Mar. 5, 2012).

Grace again requests that I:

> discharge all supposedly debt in this matter, remove my property from the tax rolls and close this matter, with my private property being free and clear of any and all liens and judgements [sic], against this property . . . grant me punitive, compensatory, aggravated and exemplary damages as well as the maximum compensation the law will grant me with declaratory relief and injunctive relief.

(*Id.* at 6.)

Since the filing of the Amended Complaint, Grace has filed, and I have denied, a Petition to Intervene, Stay and Set Aside. I understood the Petition to seek a stay of the Sheriff's Sale of the real property at issue in this case, but found the relief requested precluded by the Anti-Injunction Act. (*See* ECF No. 11.)

## II. STANDARD OF REVIEW

Because Grace is proceeding *in forma pauperis*, 28 U.S.C. 1915(e)(2)(B)(ii) applies. Section 1915(e)(2)(B)(ii) requires a court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Grace is proceeding *pro se*, I construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for the court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[7] *West v. Atkins*, 487 U.S. 42, 48 (1988). Read liberally, Grace's Amended Complaint alleges that she was deceived or confused about whether liens for delinquent tax or water assessments existed at the time she purchased her property. She unsuccessfully challenged the City's efforts to collect delinquencies in tax assessment proceedings and now allegedly faces (or has faced) a sheriff's sale of her property. She asks that I "discharge and close this matter with the supposedly debt, clear any and all liens

---

[7]  Grace also invokes § 1986, but she has not pled any basis for a claim under that provision. Section 1986 "constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and "transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp*., 616 F.2d 680, 696 (3d Cir. 1980)). "Section 1985(1) prohibits two or more persons from interfering with a federal officer's performance of his duties, and Section 1985(2) prohibits conspiracies to obstruct justice and to intimidate litigants and witnesses." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 423 n.1 (3d Cir 2003) (internal citations and quotations omitted). Section 1985(3) prohibits conspiracies motivated by race- or class-based animus to deprive a person or class of persons of equal protection of the laws. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006). Nothing in Grace's Amended Complaint provides any plausible basis for a § 1985 violation, so her § 1986 claims necessarily fail.

and judgments from this property," (ECF No. 9 at 6.) The stated basis for her constitutional claim is that the judicial defendants violated a constitutional oath to protect her life, liberty and property. (ECF No. 9 at 3.) Despite amendment, Grace has not sufficiently identified a right protected by the Constitution to survive §1915 screening of her § 1983 claim, therefore, her federal claims must be dismissed again. Additionally, with the exception of Defendants Johnson and Kammerdeiner, the named defendants are not amenable to suit, and the claims against them must be dismissed again for the reasons that follow.

### A. Claims Against Judges

Notwithstanding the Court's dismissal with prejudice of Grace's claims against Judges Fox, Patrick, and Simpson, Grace purports to renew these claims in her Amended Complaint. I reiterate that Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Here, Grace clearly bases her claims against Judges Fox, Patrick, and Simpson on their alleged rulings in her tax assessment case. (*See*

ECF No. 9 at 3.) Therefore, all claims against these judges must again be dismissed with prejudice.[8]

### B. Claims Against the Court of Common Pleas

Similarly, notwithstanding the dismissal with prejudice of claims against the Court of Common Pleas of Philadelphia County, Grace has reasserted those claims in her Amended Complaint. I reiterate that the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Philadelphia Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, Grace's claims against the Philadelphia Court of Common Pleas are barred by the Eleventh Amendment and must, again, be dismissed with prejudice.

### C. Claims Against the Tax Revenue Bureau

As I determined previously, City agencies like the Tax Revenue Bureau are not suable entities under § 1983 because they do not have a separate legal existence. *See Vurimindi v. City*

---

[8] As noted, Defendant Johnson is misidentified as a Judge of the Pennsylvania Supreme Court and, therefore, is not entitled to judicial immunity. Plainly, however, she did not, as alleged, rule against Grace in the underlying tax assessment proceedings. (See ECF No. 2 at 4.) In Grace's original Complaint, Johnson was not alleged to have taken any other action in furtherance of the conduct giving rise to Grace's claims, and, therefore, the claims against her were dismissed, albeit without prejudice. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.) Grace was granted leave to amend her claims against Johnson, but did not include any new or different facts as to Johnson in the Amended Complaint. (*See* ECF No. 9.) Because she was already put on notice of the defects in her claim against Johnson and granted an opportunity to cure those defects, and was seemingly unable to do so, no further leave to amend will be granted and all claims against Johnson will be dismissed with prejudice.

*of Philadelphia*, Civ. A. No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 P.S. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Vangjeli v. City of Phila*, Civ. A. No. 15-1566, 2015 WL 5793926, at *3 (E.D. Pa. Sept. 30, 2015), *aff'd sub nom. Vangjeli v. City of Philadelphia*, 655 F. App'x 132 (3d Cir. 2016) (Free Library is not an entity subject to suit since no department or agency of the City of Philadelphia has a separate corporate existence) (quoting 53 Pa. C.S.A. § 16257); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). Notwithstanding this ruling, Grace reasserted her claims against the Tax Revenue Bureau, and those claims must again be dismissed with prejudice.

### D. Claims Against Defendant Kammerdeiner

As stated in the Memorandum explaining the dismissal of Grace's claims against Kammerdeiner, the original Complaint did not include any allegations as to conduct engaged in by Defendant Kammerdeiner. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Because Grace did not allege facts establishing Kammerdeiner's personal involvement in the alleged wrongs, her claim did not survive screening and was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding my description of the pleading defect in her original Complaint, Grace did not cure it in her Amended Complaint with respect to

Kammerdeiner.  As such, all claims against Kammerdeiner will be dismissed with prejudice at this time.

   **E.**  **Claims Against Defendants Vandermark, Zwolak, and MacNaughton**

In the caption of her Amended complaint, Grace names as Defendants James Vandermark, James Zwolak, and Jennifer MacNaughton, and identifies them as City Solicitors.  They are not referenced in the body of the Amended Complaint, and no conduct is attributed to any of them.

The absence of any substantive allegations against these Defendants warrants dismissal. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.)  For this reason, too, the claims against Vandermark, Zwolak, and MacNaughton must be dismissed.

   **F.**  **Claims Barred by the *Rooker-Feldman* Doctrine**

I repeat my analysis of the applicability of the *Rooker-Feldman* doctrine to Grace's claims, because the Amended Complaint provides no reason to suggest that it was in any way misplaced. Even if Grace had identified a constitutional right of which she was deprived in the course of the tax assessment proceedings, I am barred from reviewing those proceedings and providing relief. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted).  *See also Malhan v.Sec. U.S. Dep't. of State*, 938 F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)

(*Rooker-Feldman* is confined "to cases of the kind from which it acquired its name: [1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commence and [4] inviting district court review and rejection of those judgments."))

Here, Grace lost in state court, she attributes the injuries she describes to the state court proceedings and judgments, the final judgment of the State Supreme Court was rendered before Grace instituted this action, and Grace is asking me to review and reverse the state court judgment. Her purported claim falls squarely within *Rooker-Feldman* and I am without jurisdiction to entertain it.

### G. State Law Claims

To the extent Grace purports to allege state law claims for theft by deception, identity theft, mail fraud, and coercion, (ECF No. 9 at 2), I lack subject matter jurisdiction over those claims. Because I have dismissed her federal law claims, I will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for my jurisdiction over state law claims is diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where the parties are diverse in citizenship, for example, where the parties are citizens of different states. "Complete diversity," as required by § 1332, requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As alleged, however, it appears that all of the parties are citizens or agencies of Pennsylvania. (ECF No. 9 at 1-2.) Accordingly, I may not exercise jurisdiction over any state law claim Grace may seek to assert. Any such claims will be dismissed without prejudice to her assertion of those claims in a different forum.

**IV.     CONCLUSION**

For the foregoing reasons, Grace's clams must be dismissed.  When a complaint is subject to dismissal, a district court must permit amendment unless it would be inequitable or futile to do so.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  For the reasons stated above it would be futile to permit Grace to further amend her claims.  She was already put on notice of the defects in her original Complaint and was granted an opportunity to cure those defects.  She was unable to do so, and further attempts would be futile.  Accordingly, Grace's Amended Complaint will be dismissed with prejudice to refiling in federal court.  An appropriate Order follows.